(761 P.2d 315)
No. 61,291

FARMERS STATE BANK, WINONA, KANSAS, *et al., Appellees,* v.
CHARLES H. WARD and NAOMI H. WARD, *et al., Appellants.*

Opinion filed September 9, 1988.

*Calvin K. Williams, Roger B. McDaniel,* and *Brent D. Percival,* of Carbondale, and *Perry Murray,* of Colby, for the appellants.

*H. David Starkey,* of Lowe, Starkey & Gatz, of Colby, for the appellees.

*Anne L. Baker,* of Eidson, Lewis, Porter & Haynes, of Topeka, for the *amicus curiae,* Kansas Bankers Association.

Before ABBOTT, C.J., BRISCOE and DAVIS, JJ.

BRISCOE, J.: Charles and Naomi Ward appeal the trial court's ruling that the redemption attempt made by their assignee was ineffective.

Farmers State Bank of Winona, Kansas, (Farmers) filed a petition seeking to foreclose on real estate owned by the Wards. Federal Land Bank (FLB) held a prior mortgage on the property and was also named as a defendant. FLB filed an answer and cross-petition and then filed a motion for judgment on the pleadings. The court treated this motion as a motion for summary judgment and granted FLB summary judgment. The journal entry provided that the Wards had a six-month redemption period and allowed FLB to proceed to sell the real estate at sheriff's sale prior to resolution of the rest of the case..

The Wards filed a motion to restrain the sale scheduled to be held on February 19, 1987. In their motion, the Wards contended the journal entry granting FLB summary judgment was not a final order pursuant to K.S.A. 1987 Supp. 60-254(b). At the hearing on the motion for restraining order, the court denied the motion and ordered amendment of its earlier journal entry to comply with 254(b). The sale was held on February 19 and FLB

was the successful bidder at the sale, bidding $463,000. The court confirmed the sale and ordered that the Wards had a six-month redemption period from the date of sale.

On May 20, 1987, Farmers redeemed the real estate from FLB for $480,382.44. On the same day, Farmers filed an affidavit pursuant to K.S.A. 60-2414(i) stating the amount paid by Farmers to redeem and the total amount due on Farmers' mortgage. Farmers also filed pursuant to 60-2414(h) a document entitled "Statement of Amount Farmers State Bank is Willing to Credit on Claim," indicating that it was willing to relinquish its claim to the real estate upon redemption in the amount of $580,000 plus interest from May 20, 1987.

On July 13, 1987, the Wards assigned their redemption rights in the real estate to C.D.N., a Kansas corporation, and C.D.N. deposited the amount of $492,486.96 on that date. C.D.N. filed an exercise of redemption in the amount of $492,486.96 on July 16, 1987. This amount included the amount Farmers paid to redeem, plus interest, costs, and taxes. Farmers filed a motion asking the court to declare the redemption by C.D.N. ineffective. In the meantime, a journal entry of settlement between the Wards and Farmers was filed, which recognized the redemption of Farmers and the Wards' reservation of their redemption rights. The district court declared the redemption by C.D.N. ineffective after concluding the amount paid by C.D.N. was not sufficient to redeem the property from Farmers. The district court held that the amount required to redeem was reflected in the "Statement of Amount Farmers State Bank is Willing to Credit on Claim" filed by Farmers.

The Wards contend on appeal that their assignee may redeem from a redeeming junior lien creditor by payment of the amount paid by the junior lien creditor plus interest, costs, and taxes accrued when the assignee's redemption is made within six months after the date of the sheriff's sale.

Under K.S.A. 60-2414(k), an assignee of the defendant owner's right of redemption has the same rights of redemption as the defendant owner. Here, the district court reduced the defendant owners' redemption period to six months pursuant to 2414(q). Therefore, the owners' assignee, C.D.N., had a six-month redemption period. C.D.N. sought to redeem from Farmers by depositing on July 16, 1987, an amount which equaled the

amount paid by Farmers plus interest, costs, and taxes to the date of C.D.N.'s redemption. C.D.N. made its redemption deposit within its six-month redemption period by making the deposit four months and twenty-four days after the sheriff's sale.

K.S.A. 60-2414(b) provides:

"For the first three months after sale, the right of the defendant owner to redeem is exclusive. If no redemption is made by the defendant owner by the end of that time, any creditor of the defendant owner whose demand is a lien upon the real estate may redeem it at any time within six months from the date of sale. . . . The first creditor redeeming must pay only the amount sold for, together with interest, costs and taxes to the date of redemption. All other redemptions, *with the exception of that of the defendant owner or such owner's transferee*, shall be made under the terms of subsections (d), (e) and (f) of this section. *When the defendant owner or transferee of the defendant owner redeems subsequent to redemption by a creditor the defendant owner or transferee shall pay the amount paid by the current holder of the certificate of purchase together with interest, costs and taxes to the date of redemption.*" (Emphasis added.)

K.S.A. 60-2414(b) specifically provides that a defendant owner who redeems subsequent to a redeeming creditor within six months from the date of sale must pay "the amount paid by the current holder of the certificate of purchase, together with interest, costs and taxes to the date of redemption." Farmers argues that subsection 2414(d) applies in this case, requiring the Wards' assignees to pay Farmers' claim in addition to the amount paid to FLB by Farmers. This argument ignores the plain language of 2414(b). K.S.A. 60-2414(b) specifically exempts redemption by defendant owners or their transferees from the provisions of subsection (d).

All parties and the *amicus curiae*, Kansas Bankers Association, spent considerable time addressing the issue of the applicability of 2414(h) when the owner's redemption period has been reduced to six months. K.S.A. 60-2414(h) provides:

"If the defendant or holder of the legal title fails to redeem as provided in this section, the purchaser or the creditor who has last redeemed prior to the expiration of the six-month period will hold the property absolutely. If it is held by a redeeming creditor, the lien and the claim out of which it arose will be held to be extinguished, *unless the redeeming creditor is unwilling to hold the property and credit the defendant owner with the full amount of the redeeming creditor's lien and, within 10 days after the six-month period files with the clerk of the district court a statement of the amount that the redeeming creditor is willing to credit on the claim.* In order to redeem the real estate within 12

months, the defendant shall be bound to pay only the amount so stated." (Emphasis added.)

Farmers argues that, although subsection (h) requires the redeeming creditor to file its statement of amount within ten days after the six-month period from the date of sale, this rule should apply only when the defendant owner has a twelve-month redemption period. When the defendant owner has a six-month redemption period pursuant to subsection (q), Farmers argues the creditor redeeming after the owner's three-month exclusive period of redemption should file its statement at the time it redeems. Farmers then argues all parties who subsequently redeem, including the defendant owner, must pay the amount the redeeming creditor paid, plus the full amount of the redeeming creditor's claim.

We refuse to assume the role of the legislature and rewrite the statute. K.S.A. 60-2414(h), by its precise terms, applies only when the owner fails to redeem within six months. Here, the assignee of the Wards, by paying an amount equal to the amount paid by Farmers plus interest, costs, and accrued taxes, paid all that it was required to pay to redeem the property.

Farmers and Kansas Bankers Association also place reliance upon 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-2414 (1979). Judge Gard interprets 60-2414(b) and (h) to provide the defendant owner with four alternatives when the owner has not availed himself of the exclusive right of redemption within the first three months, and a junior creditor redeems within six months. As admitted by Farmers in its brief, Judge Gard was contemplating that the defendant owner had a twelve-month redemption period. Judge Gard does not state what effect the shortened six-month redemption period pursuant to subsection (q) would have upon the redemption alternatives he sets forth.

As their second issue, the Wards contend their redemption period was significantly reduced by FLB's premature commencement of its execution on the Wards' property. We are without jurisdiction to consider this issue. The journal entry confirming sale to FLB and setting forth the Ward's redemption period was filed on March 5, 1987. An order confirming sale is a final order which cannot be collaterally attacked after the time for appeal has run. *National Reserve Life Ins. Co. v. Kemp*, 184 Kan. 648, 656, 339 P.2d 368 (1959). The notice of appeal in this

case was not filed until August 18, 1987, which was well beyond the 30-day appeal period. K.S.A. 60-2103(a).

Reversed and remanded.