(87 P.3d 976)
No. 90,937

L.P.P. MORTGAGE, LTD., *Appellee*, v. NATHAN B. HAYSE, et al., *Appellants*, and CENTRAL BANK & TRUST, *Appellee*.

Opinion filed March 12, 2004.

*Richard F. Hayse* and *Luke A. Sobba*, of Morris, Laing, Evans, Brock & Kennedy, Chtd., of Topeka, for appellants.

*Martin W. Bauer* and *Teresa L. Mah*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellee L.P.P. Mortgage, Ltd.

*Tyson Langhofer* and *Jack C. Marvin*, of Stinson Morrison Heckler LLP, of Wichita, for appellee Central Bank and Trust Co.

Before PIERRON, P.J., HILL and MCANANY, JJ.

HILL, J.: L.P.P. Mortgage, Ltd. (LPP) foreclosed its mortgage on three parcels of land in Kiowa County. Nathan B. and Helen L. Hayse, husband and wife, Paul W. and Patricia L. Hayse, once husband and wife, and Hayse Ranch, a partnership (all referred to as the Hayse defendants) owned the land. The owners now appeal from the order confirming the sheriff's sale. They ask us to reverse the district court's orders

- granting LPP attorney fees and expenses;
- limiting their redemption period to 3 months; and
- refusing to exercise equitable powers and extending their redemption period.

The appellants also claim the district court erroneously failed to require LPP to furnish any evidence that supports the amount awarded for fees and expenses. They contend further that the court failed to require LPP to account for some casualty insurance proceeds collected on the foreclosed property.

After deciding that their notice of appeal was not timely filed, we dismiss the portion of their appeal that deals with the award of attorney fees as well as expenses and the order setting the redemption period. We find the appeal is timely for purposes of reviewing the amount of the fees and expenses awarded. We reverse the amount awarded because there is no evidence that supports the amount awarded. We remand for the district court to hold an evidentiary hearing to determine the appropriate amount of attorney fees and expenses. Finally, since no final order has been issued concerning the casualty insurance proceeds, that issue re-

mains pending for the district court's determination. We dismiss that portion of the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The Hayse defendants borrowed money from the Small Business Administration (SBA), signed a note, and granted a mortgage to the SBA in July 1978. The mortgage encumbered the three parcels that are the subject of this foreclosure. By an agreement made in 1986, the original payment period was extended by the parties for 5 years. In 1993, SBA subordinated its lien interest on one of the tracts to Central Bank and Trust (Central Bank) in the amount of $50,000.

A federal tax lien against the Hayse Ranch partnership was filed on the property by the IRS in July 1995. Wilson Seeds, Inc., an Iowa corporation, received a money judgment against Hayse Ranch and its partners in July 1996.

In July 1996, Paul Hayse (Patricia and Paul were divorced in 1992), Nathan and Helen Hayse jointly, and Hayse Ranch partnership filed separate cases for protection under Chapter 12 of the U.S. Bankruptcy Code. A Chapter 12 Plan for payments to creditors, including the SBA, was approved by the bankruptcy court in August 1997. The Plan provided the SBA with a first mortgage on the real estate, except for the $50,000 subordination to the Central Bank on one of the tracts. The balance owed to SBA was reamortized by requiring semiannual installments to be paid every August 1 and February 1, beginning on August 1, 1997. SBA assigned the 1978 Hayse note to LPP when they purchased the loan in August 2000.

The 1978 SBA note contains language requiring the mortgagors to pay all expenses of any nature that the SBA incurred in connection with the satisfaction of the indebtedness represented by the note, including "but not limited to reasonable attorney fees and costs." The 1978 mortgage contained language providing that, in the event of a foreclosure sale, the proceeds would be applied to pay, among other things, "reasonable attorney fees."

LPP filed a foreclosure action in May 2002 when the Hayse defendants failed to make the semiannual payments. They sued

the Hayse defendants, Central Bank, the IRS, and Wilson Seeds, Inc., seeking a personal judgment, a decree of foreclosure, and attorney fees and expenses. LPP requested the court to set a 3-month redemption period as more than two-thirds of the indebtedness established by the Chapter 12 Plan remained unpaid. Central Bank and the IRS answered the petition. LPP obtained a default judgment and an order of foreclosure.

By agreement, that foreclosure judgment was later set aside, when LPP discovered they had failed to sue a necessary party, Terry L. Bradshaw, who had signed a 10-year farm lease on the land in April 2002. LPP amended their petition, and this time the Hayse defendants and Bradshaw answered jointly. The IRS answered and LPP renewed its motion for default and summary judgment. The district court ruled that the Chapter 12 Plan "created a new contract" between the parties in 1997 and, as such, incorporated all the terms originally contained in the note and mortgage, including the provision for the collection of attorney fees. LPP was awarded judgment for $159,415.16, and on March 10, 2003, the mortgage on the three tracts of land was ordered foreclosed. The court set a 3-month redemption period. It also ruled that Bradshaw's lease interest in the land was inferior to the interest of LPP.

The Hayse defendants and Bradshaw filed a motion on March 20, 2003, requesting the district court to alter or amend its rulings. The motion was denied. They then filed a motion to stay execution of the judgment, pending the court's decision on its motion to alter or amend. The district court denied that motion and directed the sheriff's sale to proceed on May 2, 2003.

Central Bank purchased all three parcels at the sheriff's sale on May 2, 2003. LPP filed a motion to confirm the sheriff's sale. The district court issued a confirmation order, finding a sum certain due the Kiowa County Treasurer for property taxes and $169,878.48 due to LPP. The Hayse defendants filed a written objection to the confirmation order on May 21, 2003.

The district court later entered an order nunc pro tunc on June 3, 2003, that confirmed, again, that the sheriff's sale had been conducted in conformity with law, equity, and the court's prior orders. The court ordered LPP to pay any casualty insurance proceeds into

court and directed LPP's attorney to provide the Hayse defendants' attorney an itemized account of all fees and expenses they had included in the judgment. The amount for the fees and expenses was then disclosed in a letter between counsel. The Hayse defendants and Bradshaw filed a notice of appeal on June 30, 2003, from "all adverse rulings" of the district court.

In July 2003, the Hayse defendants requested that the district court exercise its equitable powers and extend the redemption period. The district court again refused to extend the period and denied the motion on July 18, 2003. The Hayse defendants docketed their appeal with this court on July 21, 2003.

The mortgage required the Hayse defendants to maintain insurance on the improvements to the real estate. When they failed to do so, LPP purchased coverage. In May 2002, high winds caused some damage. In compliance with the district court's order, LPP deposited $53,155.39 casualty insurance proceeds with the district court on October 16, 2003.

## TIMELINESS OF APPEAL

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes. *Butler County R.W.D. No. 8 v. Yates,* 275 Kan. 291, 299, 64 P.3d 357 (2003). We have an unlimited scope of review over such questions of law. *State v. Stough,* 273 Kan. 113, 116, 41 P.3d 281 (2002).

These questions of law are answered by examining the decisions made by the district court. A final decision is one which generally disposes of the entire merits of the case and leaves no further questions of the possibility of future directions or actions by the court. *Varney Business Services, Inc. v. Pottroff,* 275 Kan. 20, 29, 59 P.3d 1003 (2002). K.S.A. 2003 Supp. 60-2103(a) states that an appeal must be filed within 30 days from "entry of the judgment."

An entry of judgment of foreclosure is considered final for purposes of appeal when "it determines the rights of the parties, the amounts to be paid, and the priority of the claims." *Bank IV Wich-*

*ita v. Plein*, 250 Kan. 701, 707, 830 P. 2d 29 (1992) (citing *Stauth v. Brown*, 241 Kan. 1, Syl. ¶ 1, 734 P.2d 1063 [1987]). The order of foreclosure in this case was filed on March 10, 2003. It included a judgment in favor of LPP in the amount of $159,415.16 as of January 31, 2003, with accruing interest and fees, including attorney fees and costs. The district court carefully set forth the priorities for each of the three tracts of land, ruling that LPP's interests were superior to all except the $50,000 owed to Central Bank on one of the tracts.

Also in that order, the court found that the Chapter 12 Plan created a new contract which incorporated the terms originally found in the 1978 note and mortgage (except those that were obviously inconsistent with the Plan). For this reason, the court set a 3-month redemption period because less than one-third of the indebtedness established under the Plan had been paid by the Hayse defendants. The court went on to grant LPP attorney fees and expenses because of the language in the 1978 note and mortgage. (On March 19, 2003, the court issued a nunc pro tunc order directing the property to be sold in three parcels.) No party filed an appeal from the order of foreclosure.

## POSTTRIAL PROCEEDINGS FAIL TO MAKE THE APPEAL TIMELY

We recognize that a timely posttrial motion (filed within 10 days of entry of judgment) stops the appeal time running under K.S.A. 2003 Supp. 60-2103(a). Furthermore, according to K.S.A. 60-259(f), a motion to alter or amend a judgment tolls the time for appeal. In this case, the Hayse defendants timely filed a motion to alter or amend. They argued in their motion that the redemption period should be 12 months rather than 3 months; the land should be sold in parcels; the award of attorney fees was improper; and the amount of judgment was without evidentiary support since it exceeded the outstanding principal alleged in LPP's amended petition by about $31,000. The district court denied this motion saying it was "not remarkably different from the arguments presented at the hearing of this matter and the original orders should stand."

The district court's denial of the motion to alter or amend judgment was filed on March 25, 2003. The Hayse defendants had 30 days from that time to file an appeal from the judgment of foreclosure. The time to appeal begins to run again when an order is made upon the posttrial motion. See K.S.A. 2003 Supp. 60-2103(a). No one appealed from the order denying the motion to alter or amend the foreclosure judgment either.

LPP sought court confirmation of the sheriff's sale, requesting $169,878.48 from the sale proceeds to satisfy its judgment. They also filed a notice stipulating that its motion would be granted if no objections were filed by May 23, 2003. The district court initially confirmed the sale on May 19, 2003. The Hayse defendants and Bradshaw filed an objection to the order, arguing that the component amounts of the excess judgment had not been revealed and that final judgment could not be entered without resolution of the casualty insurance proceeds. More importantly, *the Hayse defendants did not argue at this time that LPP was not entitled to attorney fees or that the redemption period should be 12 months.*

Ultimately, the district court on June 3, 2003, filed an order nunc pro tunc that set aside its prior confirmation order but ruled that the sale was properly conducted. In this order the district court:

- set forth the legal descriptions of the three tracts;
- restated the redemption period;
- granted judgment to LPP for $169,878.48;
- indicated the county treasurer was owed a sum of $1,598.35 for property taxes;
- directed LPP to deposit the casualty insurance proceeds with the court to await further court order; and
- ordered LPP to provide to counsel for the Hayse defendants an itemized accounting of all expenses included in the judgment.

The Hayse defendants on June 30, 2003, filed their notice of appeal after this nunc pro tunc order was issued.

Unquestionably, an order confirming a sheriff's sale is a final order that can be appealed. *Farmers State Bank v. Ward,* 13 Kan. App. 2d 39, 42, 761 P.2d 315, *rev. denied* 244 Kan. 737 (1988) (citing *National Reserve Life Ins. Co. v. Kemp,* 184 Kan. 648, 656,

339 P.2d 368 [1959]). One of the various purposes served by a sale confirmation order may be to cure "an erroneous provision in the journal entry of foreclosure relating to the sale of the premises . . . if it relates to a fact necessarily involved in the subsequent adjudication in the confirmation of sale. [Citation omitted.]" *Aguilera v. Corkill*, 201 Kan. 33, 37, 439 P. 2d 93 (1968).

An order confirming a sheriff's sale is not a repetition of the judgment of foreclosure. The two orders are contiguous but not identical. They cover different ground:

" 'There is general agreement that the judgment of foreclosure and sale is a final decree; that the proceedings subsequent thereto relating to the sale are analogous to the execution of a judgment and simply enforce the parties' rights which have been adjudicated; that a party who wishes to contest the judgment of foreclosure and sale must appeal from that judgment; that the judgment of foreclosure and sale cannot be challenged on appeal from an order confirming the sale; and that on an appeal from an order confirming the sale an aggrieved person may challenge the regularity of the proceedings subsequent to the judgment of foreclosure and sale.' " *Strauth,* 241 Kan. at 5 (quoting *Shuput v. Lauer,* 109 Wis. 2d 164, 325 N.W.2d 321 [1982]).

In short, while a judgment of foreclosure is executory and interlocutory as to the order directing the manner of sale and the proper distribution of the proceeds, it is final in its determination of the rights of the parties, the amounts to be paid, any award of a personal judgment, or the granting of a lien. *Strauth,* 241 Kan. at 6 (quoting 59 C.J.S., Mortgages § 685, p. 1242).

If we were to permit a collateral attack upon a foreclosure judgment by addressing foreclosure-type rulings when we decide an appeal from an order confirming a sheriff's sale, we would gut the entire sheriff's sale process. No bidder could then have any confidence in the finality of the sheriff's sale. They would be forced to bid on potentialities—bid on what the court *might* confirm— instead of making bids, as they do now, with the certain knowledge of the final judgments concerning the various parties' rights to the real estate offered for sale. The Hayse defendants seemingly recognized this when they urged the district court to change the redemption period *"before any Sheriff's sale is conducted in order*

*for the bidders at such sale to understand their rights and the rights of the other parties."*

The issue is not saved by the fact that the Hayse defendants asked the district court *after the sheriff's sale* to exercise its equitable powers and extend the redemption period to 12 months. All of the policy concerns about the finality of the sheriff's sale apply here as well. Furthermore, our rules and case law indicate that the Hayse defendants have not properly appealed from that order. Although we have ruled that an order extending the redemption period is a final appealable order and the district court has wide discretion in granting the extension, *Federal Savings & Loan Ins. Corp. v. Treaster,* 13 Kan. App. 2d 305, 308, 311, 770 P.2d 481 (1989), here, the district court did not extend the redemption period and the request to exercise equitable powers was made after the Hayse defendants' notice of appeal was filed on June 30, 2003.

Therefore, Supreme Court Rule 2.03 (2003 Kan. Ct. R. Annot. 9) does not help the Hayse defendants since it states a notice of appeal shall be effective if it is "filed subsequent to an announcement by the judge of the district court on a judgment to be entered, but prior to the actual entry of judgment." The district court could not have announced its decision denying the Hayse defendants' motion prior to the filing of the notice of appeal since the motion and the court's ruling were made after the notice of appeal was filed.

The Hayse defendants also argue that the holding in *Resolution Trust Corp. v. Bopp,* 251 Kan. 539, 836 P.2d 1142 (1992), would permit their notice of appeal to "ripen" in this case. In *Bopp,* the court indicated that an appeal filed after a final ruling but before the disposition of a motion to amend the judgment can be held in abeyance and spring into force when a ruling on the motion to alter or amend is made. 251 Kan. at 544-45. But in this case, the Hayse defendants' motion requesting the court to use its equitable powers to extend the period of redemption was, by their own admission, first placed before the district court in their July 3, 2003, motion. Therefore, the motion had neither been previously raised or decided by the district court nor was the motion even pending when they filed their notice of appeal. In order for this court to have

jurisdiction over this issue, the Hayse defendants were required to file a notice of appeal from the district court's denial of their motion. They did not. With no pending motion the notice of appeal could not "ripen" as in *Bopp*. Furthermore, the inclusion of the issue in their docketing statement did not automatically grant it status as an appealable order. See *Snodgrass v. State Farm Mut. Auto. Ins. Co.* 246 Kan 371, 378, 789 P. 2d 211 (1990).

We therefore dismiss that portion of the appeal setting the redemption period and the right to attorney fees and expenses by LPP for not being timely.

### ATTORNEY FEES AND EXPENSES

Because no transcripts have been provided of any hearings or conferences, we cannot tell whether the district court considered any evidence in determining the amount of attorney fees and expenses awarded to LPP. We believe that the fees and expenses totaled $21,487.92; however, we cannot affirm such an award if there is no evidence in the record to support it. We remand this issue to the district court for an evidentiary proceeding to determine the appropriate amount of attorney fees and expenses that should be awarded.

### CASUALTY INSURANCE PROCEEDS

The record does not contain any substantiation of the Hayse defendants' claims for reimbursement for completed storm repairs. An appellant has the duty to designate that portion of the record to establish claimed error. *Unrau v. Kidron Bethel Retirement Services, Inc.,* 271 Kan. 743, 777, 27 P.3d 1 (2001). The Hayse defendants have not met that duty.

LPP endorsed an insurance check in the amount of $53,155.39 directly to the clerk of the district court on October 16, 2003. The check from the insurance carrier was dated September 23, 2003; therefore, the district court could not have resolved this issue in the sale confirmation order or before this appeal was docketed on July 21, 2003. It appears that LPP has complied with the district court's order. We note that LPP has subsequently filed a lien for attorney fees against the insurance proceeds and a motion in op-

position to the lien is pending. This matter remains pending with the district court, as there remains the possibility of future directions or actions by the court. *Varney Services, Inc.,* 275 Kan. at 29.

We dismiss that portion of the appeal dealing with the casualty insurance proceeds since no final order has been issued by the district court and we do not have jurisdiction over the matter.

Affirmed in part, dismissed in part, and case remanded for further proceedings in accordance with this opinion.