NOT DESIGNATED FOR PUBLICATION

No. 118,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EXCHANGE BANK,
*Appellee*,

v.

QUALITY TRUST,
*Defendant*,

LAWRENCE M. RUIZ and DENNA L. RUIZ,
*Appellants*,

and

GRANITE RE, INC.,
*Defendant*.

MEMORANDUM OPINION

Appeal from Geary District Court; BENJAMIN J. SEXTON, judge. Opinion filed March 8, 2019. Affirmed.

*Lawrence M. Ruiz* and *Denna L. Ruiz*, appellants pro se.

*David P. Troup*, of Weary Davis, L.C., of Junction City, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM:  Two unrepresented borrowers, Lawrence and Denna Ruiz, appeal the foreclosure of some notes and mortgages. The district court granted summary judgment against them in favor of Exchange Bank. Because the record reveals that the Bank was entitled to summary judgment, we affirm.

1

*The bank forecloses a mortgage.*

The Bank filed a petition to foreclose some real estate mortgages and security interests in personal property pledged as collateral by Quality Trust, Inc. and Lawrence and Denna Ruiz on two loans from the Bank in the amounts of $17,060.50 and $25,265. The Ruizes answered and made a counterclaim. The court granted the Bank a default judgment against Quality Trust, Inc. and, after a hearing, dismissed the Ruizes' counterclaims for failure to state a claim.

The Bank then sought summary judgment against the Ruizes, contending that there was no genuine issue of material fact and it was entitled to judgment as a matter of law. In support of the motion, the Bank listed 12 "Uncontroverted Facts":

"1.     Exchange Bank loaned $17,060.50 to Lawrence M. Ruiz on October 7, 2014, as evidenced by the Promissory Note for Loan Number #112615 (verified Petition, Paragraph 8 and Exhibit '1' attached to the verified Petition). The loan was secured by mortgages on real property owned by Lawrence M. Ruiz and Denna L. Ruiz (verified Petition, Paragraphs 10 and 11 and Exhibits '2' and '3' attached to the verified Petition).

"2.      The Mortgage dated December 3, 1993, was assigned to First National Bank on March 30, 2004. First National Bank is the predecessor of Exchange Bank (verified Petition, Paragraphs 11 and 12, and Exhibits '3', '4' and '5' attached to the verified Petition).

"3.     The subject mortgages were offered to Exchange Bank as collateral for and to secure multiple loans over time, and Exchange Bank accepted the offers of collateral by Lawrence M. Ruiz and Denna L. Ruiz.

"4.     No payments of principal have been made on the loan. (Verified Petition, Paragraph 15a).

"5.     The balance due Exchange Bank on loan #112615 as of February 16, 2017, is $17,060.50 and in addition accrued interest in the amount of $5,233.34, and with interest continuing to accrue at the rate of $8.4134 per day from and after February 17, 2017, and late charges in the amount of $3,310.00. The total amount due as of February 16, 2017, is $25,603.84 (verified Petition, Paragraph 15).

"6.     "Lawrence M. Ruiz and Denna L. Ruiz pledged personal property as additional collateral as follows:

1996 Ford Van . . .

2005 Volkswagen Passat . . .

2006 Chrysler Pacifica . . .

Carpet cleaning equipment located in the 1996 Ford Van

(verified Petition, Paragraph 20 and Exhibits '1', '7', '8', '9', and '10' attached to the verified Petition.)

"7.     Exchange Bank is entitled to immediate possession of the personal property pledged as collateral so as to dispose of the collateral and apply the proceeds to the indebtedness to Exchange Bank (verified Petition, Count II).

"8.     Exchange Bank loaned $25,265.50 to Quality Trust, Inc., on January 2, 2015, as evidenced by the Promissory Note for Loan Number #121127426 (verified Petition, Paragraph 28 and Exhibit '11' attached to the verified Petition). The loan was secured by mortgages on real property owned by Lawrence M. Ruiz and Denna L. Ruiz (verified Petition, Paragraphs 29 and 31 and Exhibits '3' and '4' attached to the verified Petition).

"9.     The Mortgage dated December 3, 1993, was assigned to First National Bank on March 30, 2004. First National Bank is the predecessor of Exchange Bank (verified Petition, Paragraphs 11 and 12, and Exhibits '3', '4' and '5' attached to the verified Petition).

"10.     The subject mortgages were offered to Exchange Bank as collateral for and to secure multiple loans over time, and Exchange Bank accepted the offers of collateral by Lawrence M. Ruiz and Denna L. Ruiz.

"11.     No payments of principal have been made on the loan (verified Petition, Paragraph 34a).

"12.     The balance due Exchange Bank on loan #121127426 as of February 16, 2017, is $25,253.14 and in addition accrued interest in the amount of $6,336.83, and with interest continuing to accrue at the rate of $12.4536 per day from and after February 17, 2017, and late charges in the amount of $1,263.25. The total amount due as of February 16, 2017, is $32,853.22 (verified Petition, Paragraph 34)."

3

The court specifically warned the Ruizes to read the rules about responding to summary judgment motions. The Ruizes answered the "Uncontroverted Facts" by making a general statement only:

> "In order to answer the uncontroverted facts honestly and to the best of my knowledge, the Defendants (Mr. & Mrs. Lawrence M. Ruiz), I must reiterate the fact that if one was to examine and look under the title **Exhibit A The latest Loan**, for both of the renewals on two notes as now noted. As noted in the court transcripts today, the bank was forcing us to put up old collateral on notes that have already been paid in good faith. Please See Exhibit **A & Aa and B and C to include all the Exhibits that pertain to this section**."

The Ruizes attached to their summary judgment answer over 150 pages of filed pleadings, unsigned loan agreements, prior loan documents, prior litigation documents, e-mails, handwritten notes, and a disciplinary complaint filed by Lawrence against opposing counsel.

Given this general response, the court found that the Ruizes had not controverted any of the Bank's facts as required by Supreme Court Rule 141 (2018 Kan. S. Ct. R. 205). It then adopted the Bank's uncontroverted facts as its own findings of fact and granted the Bank summary judgment. In its September 5, 2017, journal entry of summary judgment, the court set out in detail the money judgments and the foreclosure of the real estate mortgages and prioritized the liens. The court also ordered the Bank's recovery of the pledged personal property.

The court ordered the sale of the real estate, and the sheriff sold it in December 2017. The court confirmed this sale in January 2018.

4

*We limit our review.*

Unlike most civil cases, there are two critical dates in a real estate mortgage foreclosure action. The first significant day is when the court forecloses the mortgage and orders the sale of the property encumbered by the mortgage. The second important day comes later when the court confirms the sheriff's sale of the real estate. If a party wants to appeal both orders, then two notices of appeal must be filed. An appeal of the first is not an appeal of the second. An appeal of the second is not an appeal of the first. Because the Ruizes here failed to file a notice of appeal of the order confirming the sheriff's sale, we hold that we lack jurisdiction to consider any questions raised about the sale.

Generally, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken by following the procedural statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). The applicable statute here is K.S.A. 2017 Supp. 60-2103(a) which directs that a notice of appeal must be filed within 30 days from "entry of the judgment."

The law thus required the Ruizes to file two notices of appeal if they wanted to appeal both issues. Caselaw is clear on this point. A party must, within 30 days, appeal the order of foreclosure and then separately appeal the confirmation of the sheriff's sale. A party who fails to do so cannot raise these issues later. *Stauth v. Brown*, 241 Kan. l, 4-5, 734 P.2d 1063 (1987). In *L.P.P. Mortgage, Ltd. v. Hayse*, 32 Kan. App. 2d 579, 585-87, 87 P.3d 976 (2004), the court held that a judgment of foreclosure cannot be challenged on appeal from an order confirming sale. And in *Valley State Bank v. Geiger*, 12 Kan. App. 2d 485, 486, 748 P.2d 905 (1988), the court held that an order of sale cannot be appealed until after the sale is confirmed. The facts here show why we lack jurisdiction.

The district court granted summary judgment that ordered the foreclosure of the mortgages on September 5, 2017. Thirty days later, on October 5, 2017, the Ruizes filed a notice of appeal of the summary judgment stating they appealed "all adverse rulings." That notice of appeal is timely on the foreclosure. But since they did not file another notice of appeal after the confirmation of the sheriff's sale, the Ruizes cannot now appeal any issues about the sale. As a result of their failure to appeal that issue we will confine our review only to the claims on the foreclosure.

*The Ruizes failed to comply with Supreme Court Rule 141.*

Supreme Court Rule 141 establishes the procedures for obtaining summary judgment and provides parties a way to justice through a quick resolution of well established claims when there are no good reasons to rule otherwise. The rule creates a clear and orderly procedure to follow—a procedure that pro se litigants must follow as well as attorneys. The Ruizes failed to follow this procedure. Failure to follow the rule has consequences, and the law is well established on these points.

The purpose of Rule 141 is to identify what facts are agreed to and what facts are disputed by the parties and find out what evidence the parties rely upon. *Bank of America, N.A. v. Inda*, 48 Kan. App. 2d 658, 670, 303 P.3d 696 (2013). Substantial compliance with Rule 141 can be sufficient. *Calver v. Hinson*, 267 Kan. 369, 378, 982 P.2d 970 (1999). Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. *Ruiz v. Marysville Mutual Insurance Co.*, No. 116,263, 2017 WL 1367062, at \*3 (Kan. App. 2017) (unpublished opinion).

Importantly, when opposing a summary judgment motion, the opposing party may not rely merely on allegations or denials in its pleading; rather the party must establish by affidavits or other facts in the record that there exists a genuine issue of material fact. See

K.S.A. 2017 Supp. 60-256(e)(2). If the nonmoving party fails to make precise references to the record to evidence that controverts the claimed uncontroverted facts, then the facts can be considered uncontroverted. See *Emprise Bank v. Rumisek*, 42 Kan. App. 2d 498, 511-12, 215 P.3d 621 (2009). Pro se litigants must follow the same rules as licensed attorneys. *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595, 730 P.2d 1109 (1986). In turn, this court reviews for abuse of discretion a district court's decision that a party opposing a summary judgment motion failed to controvert the movant's facts under Rule 141. *Molina v. Christensen*, 30 Kan. App. 2d 467, 469-70, 44 P.3d 1274 (2001).

*Our review of the record reveals how the Ruizes failed to follow the rule.*

As we pointed out before, they filed an answer to the Bank's summary judgment motion stating generally that there were genuine issues of material fact. The Ruizes answered the Bank's "Uncontroverted Facts" with the following paragraph that does not controvert any of the facts:

> "In order to answer the uncontroverted facts honestly and to the best of my knowledge, the Defendants (Mr. & Mrs. Lawrence M. Ruiz), I must reiterate the fact that if one was to examine and look under the title **Exhibit A The latest Loan**, for both of the renewals on two notes as now noted. As noted in the court transcripts today, the bank was forcing us to put up old collateral on notes that have already been paid in good faith. Please See Exhibit **A & Aa and B and C to include all the Exhibits that pertain to this section**."

They went on in their answer and summarized the facts:

> "To answer this question please see Exhibit A (Pages 36-42)[.] Also see the collateral has changed based on the fact the past loans and notes being refered [*sic*] to have been PAID. Please see Exhibits A. This simply put collateral being name or assumed to have been pledged have not been put up by neither of the defendants.

7

To clarify and give a better understanding, the defendants have put up some vehicles only as listed on the third page of Summary Judgment **as Additional collateral as follows:**"

The Ruizes attached over 150 pages of documents to their answer. It is not readily apparent how Exhibits A, Aa, B, or C (that they specifically referenced in the paragraphs above) show a genuine issue of material fact. The exhibits are draft agreements the Ruizes claim they did not sign, a page from an article on liability of lenders for infliction of emotional distress, and an affidavit filed in a prior lawsuit involving the parties stating that the Ruizes had not paid the judgment entered against them on May 17, 2011.

Clearly, all of this demonstrates that the Ruizes did not substantially comply with Rule 141. They did not "state – in separately numbered paragraphs that correspond to the numbered paragraphs of movant's memorandum" which of the Bank's factual contentions were controverted. They did not "concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment" and did not "provide precise references" to pages, lines, or paragraphs of supporting evidence. See Rule 141(b).

Litigants must handle their own cases. Courts are not a pro se party's advocate. The court here did not need to wade through 150 pages of documents to come up with an issue of fact for the Ruizes. It is unclear from the Ruizes' answer which facts are controverted and on what evidence they rely. We will not speculate about what their real argument was. The district court here did not err in adopting all the uncontroverted facts from the Bank's motion for summary judgment.

In this foreclosure action, the district court foreclosed two real estate mortgages: (1) a commercial mortgage on 129 E. Home Street and 131 E. Home Street; and (2) a mortgage on 133 E. Home Street. In their answer to the petition, the Ruizes specifically stated about the mortgage on 129 E. Home and 131 E. Home, that the "[s]ubject property

8

was used as collateral [for a prior loan], however since that time the property was paid off in full." But the Ruizes failed to produce any evidence that that mortgage had been released.

The promissory notes include broad language that they are "secured by all security agreements, mortgages, deeds of trust, pledge agreements, control agreements or other acts or instruments of security between borrower and lender, including those of even date." While the Bank offered no documents showing that the commercial mortgage was still valid when the promissory note was signed, the Bank's senior vice president did swear to the facts as stated in the petition. Thus, even though it is not clear that this was the Ruizes' argument, the district court was within its discretion to consider the Bank's facts as uncontroverted. We move on to the next issue of whether there were sufficient facts.

*There are sufficient facts to support this summary judgment.*

Caselaw is clear. Foreclosure of a mortgage is allowed when necessary to pay the debt for which the mortgage stands as a security. "[I]n order to grant summary judgment in a mortgage foreclosure action, the trial court must find undisputed evidence in the record that the defendant signed a promissory note secured by a mortgage, that the plaintiff is the valid holder of the note and the mortgage, and that the defendant has defaulted on the note." *Bank of America, N.A.*, 48 Kan. App. 2d at 664.

The Bank's uncontroverted facts established that:
- The Bank lent $17,060.50 to Lawrence Ruiz and Quality Trust on October 7, 2014, as evidenced by a signed promissory note for loan number #112615.
- The loan was secured by the following mortgages on real property:

9

- - a mortgage recorded on February 17, 1994, in Geary County for the real property commonly known as 133 E. Home Street; and
  - a commercial mortgage recorded on February 10, 1995, in Geary County for the real property commonly known as 129 E. Home Street and 131 E. Home Street.
- The Bank was the holder of the mortgages.
- The loan was also secured by the following personal property:
  - 1996 Ford Van;
  - 2005 Volkswagen Passat;
  - 2006 Chrysler Pacifica; and
  - Carpet cleaning equipment located in the 1996 Ford Van.
- The Bank lent $25,265 to Quality Trust on January 2, 2015, as evidenced by a signed promissory note for loan number #121127426.
- The promissory note was secured by the mortgages listed above.
- The entire amount of indebtedness was due and payable.

These facts establish that the Ruizes executed promissory notes secured by mortgages, that the Bank was the valid holder of the notes and the mortgages, and that the Ruizes defaulted on the notes. The uncontroverted facts were sufficient to grant the Bank judgment as a matter of law. The district court did not err by granting summary judgment.

Finally, the Ruizes briefly mention their counterclaims on appeal. The district court dismissed their counterclaims for failure to state a claim upon which relief could be granted. To us, the Ruizes make no attempt to explain how they did, in fact, state valid counterclaims. Thus, we hold that they have waived this argument. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

We affirm the judgments of the district court.