LAC DU FLAMBEAU BAND OF LAKE SUPERIOR CHIPPEWA INDIANS and the Sokaogon Chippewa Community, Plaintiffs–Appellees,

v.

STATE OF WISCONSIN, et al., Defendants–Appellants.

No. 91–2698.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 19, 1992.

Decided March 23, 1992.

Bruce R. Greene, Greene, Meyer & McElroy, Boulder, Colo. (argued), Milton Rosenberg, Madison, Wis., for plaintiffs-appellees.

Warren D. Weinstein, Asst. Atty. Gen. (argued), James E. Doyle, Atty. Gen., Office of Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., Jonathan T. McCoy, Office of Atty. Gen., Olympia, Wash., for defendants-appellants.

Cathy Christian, Office of Atty. Gen., Government Law Section, Sacramento, Cal., for amicus curiae State of Alaska, Ariz., and Cal.

Richard M. Sheridan, Richard Blumenthal, Office of Atty. Gen., Hartford, Conn., for amicus curiae State of Conn.

Jonathan A. Glogau, Dept. of Legal Affairs, Tallahassee, Fla., for amicus curiae State of Fla.

Marc Racicot, Atty. Gen., Helena, Mont., for amicus curiae State of Mich., Minn., Miss., and Mont.

Nicholas J. Spaeth, Office of Atty. Gen., Bismark, N.D., for amicus curiae State of Neb., Nev., and N.D.

Frank J. Kelley, Atty. Gen., Office of Atty. Gen., Lansing, Mich., James H. Evans, Carol J. Smith, Office of Atty. Gen., Civil Div., Montgomery, Ala., for amicus curiae State of Or., S.D., Wash., Wyo., and Ala.

Before EASTERBROOK and RIPPLE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure is "the graveyard of an inordinate number of appeals." *Alerte v. McGinnis*, 898 F.2d 69, 70 (7th Cir.1990). An appeal filed before the district judge disposes of a motion to alter or amend the judgment drops off the face of the planet. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Unless the losing party files another after the district judge's action on the motion, it forfeits the opportunity for appellate review.

Sometimes it is hard to tell whether a given motion proposes to alter or amend the judgment, so that appeal is forbidden, or instead seeks a technical or collateral change, so that appeal is essential lest the time expire. *United States v. Ibarra*, —— U.S. ——, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988); *Charles v. Daley*, 799 F.2d 343 (7th Cir. 1986). Sometimes the proper characterization of the motion is simple, but counsel overlooks the effect of Rule 4(a)(4), or misunderstands the point that it is the docketing of the district judge's action, not the decision itself, that reactivates the right to appeal. So serious is the situation that the Advisory Committee on Appellate Rules has proposed to excise the offending part of Rule 4(a)(4), replacing it with a rule that an appeal filed before the disposition of a motion to amend the judgment shall be held in abeyance and spring into force when the judge acts. 137 F.R.D. 417, 437–46 (1991). Even if the Supreme Court promulgates the recommended language at its first opportunity, the change cannot occur before December 1, 1993. Until then Rule 4(a)(4) will continue to claim victims. The State of Wisconsin is the latest.

Two federally recognized bands of Chippewa Indians with reservations in Wisconsin filed this suit, seeking among other things a declaration that the Indian Gaming Regulatory Act, 25 U.S.C. § 2710, requires the State to enter into compacts permitting them to operate slot machines and conduct casino games such as blackjack. The district court held that amendments to the state's constitution and recent legislation establishing a state lottery also authorize other forms of gambling, in which the tribes may engage. 770 F.Supp. 480 (W.D.Wis.1991). On June 21, 1991, it entered a judgment requiring the State to negotiate for compacts with the tribes. Six days later the Lac du Flambeau Band served and filed a motion asking the district court to vacate its judgment. According to the motion, entry of judgment is premature until the tribe has the compact with Wisconsin that is the principal objective of the suit. On July 17, after the parties had exchanged briefs on the tribe's motion, the defendants filed a notice of appeal. On July 22 the district judge denied the tribe's motion. Defendants did not file another notice of appeal.

Rule 4(a)(4) provides that a notice of appeal filed before the disposition of a timely motion under Fed.R.Civ.P. 59 to alter or amend the judgment "shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above." The tribe's motion was timely, but was it one under Rule 59 to alter or amend the judgment? Wisconsin and the other defendants say no, for two reasons. The first is a throwaway: that the "motion" stated no reasons. Literally true; too, a motion giving no reasons has no effect. *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir.1977). But the two-sentence motion covered a six-page brief explaining the nature of the request and the reasons behind it. The second sentence of the motion reads: "The reasons in support of this motion are set forth in the tribe's accompanying memorandum brief." Often motions specify the relief sought while accompanying documents give explanation. Rules 4(a)(4) and 59 do not treat such companion filings as nullities. An empty motion cannot reserve time

to file an explanation after the ten days allowed by Rule 59(b), see *Martinez,* but a brief contemporaneous with the motion fulfils the requirement of Fed.R.Civ.P. 7(b)(1) that motions papers "state with particularity the grounds" for the relief demanded.

■ Defendants' second contention is that the motion did not ask the court to "alter or amend" the judgment on the merits. Instead it asked the court to withdraw the judgment. The tribe did not disagree with the court's legal analysis or its instruction to negotiate but believed that there should be no judgment. Motions seeking collateral relief such as costs or legal fees do not come within Rule 59, see *Buchanan;* a request to vacate the judgment likewise falls outside Rule 59, defendants submit. This argument misses the point of cases such as *Buchanan.* A judgment on the merits, say one specifying damages, is immediately enforceable; a dispute about costs does not affect any issue resolved by the judgment, so the appeal may proceed immediately. Substantive challenges to the judgment, by contrast, should be resolved before the case goes to the court of appeals. *Charles* adopts a bright-line rule: "all substantive motions served within 10 days of the entry of a judgment will be treated as based on Rule 59", no matter what nomenclature the movant employs. 799 F.2d at 347. (The tribe's motion did not identify a particular rule.) *Osterneck* concludes that although a motion raising matters "wholly collateral" to the judgment does not come under Rule 59, a request for prejudgment interest is a Rule 59 motion because it presents "matters encompassed within the merits of the underlying action." 489 U.S. at 176, 109 S.Ct. at 991.

A motion to vacate the judgment in its entirety presents "matters encompassed within the merits of the underlying action." See *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 652 (7th Cir.1984) ("vacation is a form of alteration"); *United States v. Gargano,* 826 F.2d 610, 611 (7th Cir.1987). Until the court has resolved the motion, the subject (if any) to be presented on appeal cannot be known. The tribe made a simple point: it wants a compact with Wisconsin, leading it to submit that judgment directed exclusively to negotiation is premature. Had the court accepted this position, it would have annulled its judgment, leaving nothing from which the State could appeal. Any order issued at the end of negotiations would differ substantively from the judgment the court had entered. The court believed the tribe incorrect, observing that an interlocutory injunction to dicker does not prevent subsequent supplemental relief, such as the appointment of a mediator under § 2710(d)(7)(B) and review of the mediator's recommendation. Because an estimate of the merit of the motion does not affect its status in suspending the finality of the judgment, *Ibarra,* 112 S.Ct. at 6, the tribe's misunderstanding does not assist the State.

Much as we regret visiting the effects of counsel's error on the State of Wisconsin in a case bearing on its governmental powers, the current version of Rule 4(a)(4) leaves no alternative. A timely notice of appeal is essential to this court's jurisdiction. The notice defendants filed is ineffectual. The appeal is dismissed for want of jurisdiction.