No. 67,159

RESOLUTION TRUST CORPORATION, Receiver for Anchor Federal Savings and Loan Association, *Appellee,* v. EDWARD O. BOPP, *Defendant,* and HAZEL WELLS SHARP, *et al., Appellants.*

(836 P.2d 1142)

Opinion filed July 10, 1992.

*Michael S. Martin,* of Michael S. Martin Law Offices, of Overland Park, argued the cause for appellants.

*Timothy M. Henderson,* of Hamann, Holman, South, McCollum & Hansen, of Prairie Village, argued the cause for appellee.

The opinion of the court was delivered by

SIX, J.: This is an appellate jurisdiction case.

The Court of Appeals dismissed the appeal for lack of jurisdiction. We granted the petition for review filed by Hazel Wells Sharp, Janet W. Sharp Tichenor, and Helen Louise Brewer, trustees of the Perry M. Sharp Trust "C" (the Sharp trustees).

We rely on *Cornett v. Roth,* 233 Kan. 936, 666 P.2d 1182 (1983), and *Honeycutt v. City of Wichita,* 251 Kan. 451, 836 P.2d 1128 (1992), in holding that we have jurisdiction. We reinstate the appeal and remand to the Court of Appeals for further proceedings.

## Facts

The underlying action is a real estate mortgage foreclosure brought by the Resolution Trust Corporation, receiver for Anchor Federal Savings and Loan Association (RTC). The Sharp trustees claimed a judgment lien against the real estate. Various other defendants asserted an interest in the property including Robert and Janet Manson, who claimed an equitable interest under a contract to purchase the real estate from the mortgagors. The Mansons also claimed to have improved the property.

On June 24, 1991, a trial court memorandum and order (dated June 20, 1991) was filed, foreclosing the mortgage, setting priorities, and disposing of all claims. The trial court ruled, in part, that the RTC's mortgage was a purchase money mortgage superior to the judgment lien of the Sharp trustees. The trial court found that the Mansons were not entitled to: (1) an equitable lien; (2) specific performance of the contract; or (3) rights of redemption.

On June 28, 1991, the Mansons filed a motion to alter or amend the trial court's memorandum and order. The Mansons requested that the trial court grant them either specific performance of the purchase contract or an equitable lien with first priority over the RTC mortgage.

The Sharp trustees filed their notice of appeal on July 16, 1991, appealing "that portion of the Memorandum and Order dated June 20, 1991, adjudicating the judgment lien of the Sharp trustees subordinate and inferior to the lien of the [RTC]."

The Mansons' motion to alter or amend was heard on August 2, 1991. The journal entry of judgment denying the motion to alter or amend was filed on August 23, 1991.

The sequence of controlling events is summarized:

June 24, 1991 — Memorandum and order filed.
June 28, 1991 — Mansons' motion to alter or amend filed.
July 16, 1991 — The Sharp trustees' notice of appeal filed.
August 2, 1991 — Motion to alter or amend heard.
August 23, 1991 — Journal entry denying motion to alter or amend filed.

The Court of Appeals issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction because the notice of appeal was filed prior to the resolution of the motion to alter or amend.

The Sharp trustees admitted, in their response to the order to show cause, that their notice of appeal was premature. However, they asserted that their premature notice of appeal was saved by our Rule 2.03 (1991 Kan. Ct. R. Annot. 6). The RTC did not respond.

On December 16, 1991, the Court of Appeals dismissed the appeal for lack of jurisdiction, citing *Miller v. Safeco Ins. Co. of America*, 11 Kan. App. 2d 91, 712 P.2d 1282, *rev. denied* 238 Kan. 878 (1986).

The Sharp trustees filed a motion for reconsideration, asserting that: (1) they were never served with the journal entry denying the motion to alter or amend, and (2) unlike the appealed summary judgment in *Miller v. Safeco*, the trial court memorandum and order in the case at bar disposed of all issues and claims and was clearly a final order.

The RTC responded, asserting in part that Rule 2.03 has no application in the case at bar. Although the trial court's memorandum and order was a final order disposing of all interests and rights of the parties, the RTC reasons that the moment the Mansons' motion to alter or amend was filed, all interests and rights of all parties were again put in issue.

The Court of Appeals denied the Sharp trustees' motion for reconsideration. None of the parties have filed briefs in this case.

## Jurisdiction Under K.S.A. 1991 Supp. 60-2102(a), K.S.A. 1991 Supp. 60-2103(a), and Supreme Court Rule 2.03 When the Notice of Appeal Filed Before a Pending Motion to Alter or Amend Is Denied

The right to appeal is statutory and is not a right vested in the United States or Kansas Constitutions. An appellate court has jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner provided by the applicable statutes. *Little Balkans Foundation, Inc. v. Kansas Racing Comm'n*, 247 Kan. 180, 188, 795 P.2d 368 (1990). An appellate court has the duty of questioning jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed. *Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 246 Kan. 371, 373, 789 P.2d 211 (1990).

The manner in which jurisdiction of the Court of Appeals is invoked is set forth in K.S.A. 1991 Supp. 60-2102, which provides in part:

"**Invoking jurisdiction of court of appeals.** (a) *As a right.* Except for any order or final decision of a district magistrate judge, the appellate jurisdiction of the court of appeals may be invoked by appeal as a matter of right from:

. . . .

"(4) A final decision in any action, except in an action where a direct appeal to the supreme court is required by law. In any appeal or cross appeal from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

K.S.A. 1991 Supp. 60-2103(a) sets forth the applicable time limits within which an appeal may be taken and states in relevant part:

"(a) *When and how taken.* When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment, as provided by K.S.A. 60-258, and amendments thereto . . . . The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: . . . granting or denying a motion under K.S.A. 60-259, and amendments thereto, to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259, and amendments thereto."

An appeal is taken from a judgment of the district court by filing a notice of appeal with the clerk of the district court. K.S.A. 1991 Supp. 60-2103(a). The notice of appeal must be filed within the 60-2103(a) time limits.

In the case at bar, the Sharp trustees filed their notice of appeal after the Mansons' motion to alter or amend the trial court's memorandum and order had been filed. In the absence of the motion to alter or amend, the June 20, 1991, memorandum was a final appealable order because it foreclosed the RTC's mortgage, set the priority of claims, and determined the rights of all parties to the action. See *Stauth v. Brown,* 241 Kan. 1, 6, 734 P.2d 1063 (1987). The Sharp trustees admit that their notice of appeal was premature but contend the premature notice is saved by Supreme Court Rule 2.03.

Supreme Court Rule 2.03 provides:

"PREMATURE NOTICE OF APPEAL

"A notice of appeal filed subsequent to an announcement by the judge of the district court on a judgment to be entered, but prior to the actual entry of judgment as provided in K.S.A. 60-258, shall be effective as notice of appeal under K.S.A. 60-2103 if it identifies the judgment or part thereof from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal. Such advance filing shall have the same effect for purposes of the appeal as if the notice of appeal had been filed simultaneously with the actual entry of judgment, provided it complies with K.S.A. 60-2103(b)."

*Miller v. Safeco Ins. Co. of America,* 11 Kan. App. 2d 91, was a personal injury action in which Miller sued both the alleged tortfeasor, Gober, and his own insurer, Safeco Insurance Company of America (Safeco), for underinsured motorist coverage. Safeco was granted summary judgment on September 7, 1984. On September 24, 1984, Miller filed his notice of appeal of the summary judgment granted to Safeco. Miller's claim against Gober was still pending. On September 27, 1984, the trial court dismissed with prejudice the suit against Gober. The Safeco summary judgment decision was interlocutory because Miller's claim against Gober was still pending. The trial court did not certify the Safeco summary judgment decision as a final judgment under K.S.A. 1991 Supp. 60-254(b).

*Honeycutt v. City of Wichita,* 251 Kan. 451, 462, 836 P.2d 1128 (1992), overrules Syl. ¶¶ 2 and 3 of *Miller v. Safeco. Honeycutt* relied on the liberal construction policy of civil procedure statutes to insure cases are decided on the merits and to eliminate traps for attorneys and pro se litigants. 251 Kan. at 461-62.

The case at bar is factually distinguishable from *Miller v. Safeco* because the June 20, 1991, order did dispose of all claims of all the parties. The question is whether Rule 2.03 allows the premature notice of appeal to ripen upon the denial of the Mansons' motion to alter or amend.

In *Cornett v. Roth,* 233 Kan. 936, 666 P.2d 1182 (1983), we held that we had jurisdiction to hear an appeal filed after a final judgment but while a motion to reconsider was pending. The journal entry of final judgment was filed on October 5, 1982. On October 15, 1982, the Cornetts filed a motion for reconsideration of the October 5, 1982, judgment. The Cornetts filed a notice

of appeal appealing the October 5, 1982, journal entry on November 2, 1982. The trial court denied the Cornetts' motion for reconsideration on November 10, 1982. We stated:

"Defendants have shown no prejudice resulting from the alleged premature filing of the notice of appeal. Considering the liberal construction to be given our procedural statutes and rules and the intent of our code of civil procedure and our appellate rules, we find no fatal jurisdictional defects and will proceed to determine the appeal on the merits. See K.S.A. 60-102; Supreme Court Rule 2.03 (230 Kan. xlv)." 223 Kan. at 939-40.

*Cornett* and *Honeycutt* control the case at bar.

A motion for rehearing is considered a motion to alter or amend. *Heim v. Werth,* 214 Kan. 855, 857, 522 P.2d 389 (1974) (citing *Ten Eyck v. Harp,* 197 Kan. 529, 533, 419 P.2d 922 [1966]). Relying on *Ten Eyck,* the Court of Appeals concluded that a motion to reconsider is in substance a motion to alter or amend under K.S.A. 60-259(f). *Caplinger v. Carter,* 9 Kan. App. 2d 287, 290, Syl. ¶ 1, 676 P.2d 1300, *rev. denied* 235 Kan. 1041 (1984).

Our holding in *Cornett* and in the case at bar is contrary to the federal cases which construe Federal Rule of Appellate Procedure 4(a), the federal counterpart to K.S.A. 1991 Supp. 60-2103(a) and Supreme Court Rule 2.03. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982); *Lac Du Flambeau Indians v. State of Wis.,* 957 F.2d 515 (7th Cir. 1992). However, Federal Rule of Appellate Procedure 4(a) is substantially different from K.S.A. 1991 Supp. 60-2103(a) and Supreme Court Rule 2.03.

Rule 4(a) provides, in part:

"(2) Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

. . . .

"(4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: . . . under Rule 59 to alter or amend the judgment; . . . the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.*" (Emphasis added.)

Rule 4(a) provides that a notice of appeal filed before the disposition of a motion to alter or amend the judgment shall have no effect and that a new notice of appeal must be filed following the disposition of the motion to alter or amend. Rule 4(a)(2), which is similar to Supreme Court Rule 2.03, specifically excepts the premature notice of appeal provision from the pending motion to alter or amend situation.

The rationale for Rule 4(a)(4) is to prevent simultaneous jurisdiction in the federal district courts and the Courts of Appeals. *Griggs,* 459 U.S. at 60.

The Seventh Circuit has referred to Rule 4(a)(4) as "the graveyard of an inordinate number of appeals." *Alerte v. McGinnis,* 898 F.2d 69, 70 (7th Cir. 1990).

The Seventh Circuit Court of Appeals in *Lac Du Flambeau Indians* observes:

"So serious is the situation that the Advisory Committee on Appellate Rules has proposed to excise the offending part of Rule 4(a)(4), replacing it with a rule that an appeal filed before the disposition of a motion to amend the judgment shall be held in abeyance and spring into force when the judge acts. 137 F.R.D. 417, 437-46 (1991). Even if the Supreme Court promulgates the recommended language at its first opportunity, the change cannot occur before December 1, 1993. Until then Rule 4(a)(4) will continue to claim victims. The State of Wisconsin is the latest." 957 F.2d at 516.

The Federal Rules Advisory Committee's proposal appears to agree with the rationale we expressed in *Cornett v. Roth,* 233 Kan. 936, and follow in the case at bar.

Appeal reinstated and case remanded to the Court of Appeals for further proceedings.