No. 79,534

STATE OF KANSAS *ex rel.* SECRETARY, KANSAS DEPARTMENT OF
   SOCIAL AND REHABILITATION SERVICES, *Appellee*, v.
   VONTELLA KECK and JIMMY W. KECK, *Appellants.*

(969 P.2d 841)

Opinion filed
December 11, 1998.

*Jim L. Lawing*, of Wichita, argued the cause and was on the brief for appellants.

*Randy M. Barker*, of the Kansas Department of Social and Rehabilitation Services, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: The Kansas Department of Social and Rehabilitation Services (SRS) obtained a support order against Vontella and Jimmy Keck for their daughter's support. Their daughter Tracy was a ward of the court pursuant to a child in need of care proceeding from approximately age 12 to age 18. The Kecks filed a K.S.A. 60-260(b) motion attempting to set aside "the Journal Entry of Judgment rendered June 1, 1993."

The June 1993 journal entry ordered the Kecks to pay $455 per month in support commencing May 1, 1993. The Kecks were also ordered to pay all of their daughter's medical, hospital, optometric, dental, and orthodontic expenses. In addition, judgment against the Kecks for past support in the amount of $13,450 was entered.

The parties stipulated at trial that a court order was entered on January 17, 1995, whereby SRS received an increase in the support

payment from $455 a month to $525 a month. The parties also stipulated that the Kecks' daughter reached the age of majority on September 16, 1996.

The Kecks were represented by counsel at each proceeding. The June 1, 1993, order was an agreed-upon journal entry of judgment. The parties also stipulated that the $13,450 had been paid down to $8,029 with an additional $1,017.70 being held by the trial court.

The district court denied the Kecks' K.S.A. 60-260(b) motion (filed April 12, 1995) because more than 1 year had elapsed since the June 3, 1993, judgment. The district court ruled that it lacked jurisdiction to reach the Kecks' equal protection issue.

The Kecks do not claim the trial judge abused his discretion in refusing to grant the 60- 260(b) motion. Their argument is that the trial judge had jurisdiction to rule on the 60-260(b) motion and that he should have considered the motion on its merits.

The Kecks list the issues on appeal as follows:

"1. Do appellants have a constitutional right to equal protection which is violated by appellee's judgment under the Kansas statutory scheme?

"2. Does K.S.A. 60-260(b)(6) apply to the facts of this case, allowing for post-judgment relief from all or a portion of appellee's judgment where appellants filed their motion more than one year after the original judgment but less than six months after a ruling increasing their monthly obligation to the appellee?

"3. Does the fact that appellants are raising the grandchild conceived and born to their minor daughter while she was a ward of the State without receiving SRS support constitute a 'reason justifying relief' under K.S.A. 60-260(b)(6) which is not included in the statute's preceding enumeration of five reasons which can form bases for post-judgment relief?"

K.S.A. 60-260(b) states in pertinent part:

"*Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from

the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

In this case, the Kecks rely on subsection (6) for providing the trial court with jurisdiction.

In *Wilson v. Wilson*, 16 Kan. App. 2d 651, 827 P.2d 788, *rev. denied* 250 Kan. 808 (1992), the court analyzed whether the trial court had erred when it granted a K.S.A. 60- 260(b)(6) motion and modified a divorce decree. The *Wilson* court stated that "[t]he general rule applied by both state and federal courts is that the first five grounds of the statute, which are specific, and the sixth, which is the general catch-all, are mutually exclusive." 16 Kan. App. 2d at 656. Federal Rule 60(b) is identical to K.S.A. 60-260(b), and the federal courts are in accord that 60-260(b)(6) cannot be used to circumvent the time limitations applicable to the first three grounds of 60-260(b). " '[I]t is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b).' " *Wilson*, 16 Kan. App. 2d at 657 (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 [2d Cir.], *cert. denied* 409 U.S. 883, *reh. denied* 409 U.S. 1029 [1972]). " 'Rule 60(b)(6) is not available if the asserted grounds for relief are within the coverage of another provision of Rule 60(b).' " *Wilson*, 16 Kan. App. 2d at 657 (quoting *Wallace v. McManus*, 776 F.2d 915, 916 [10th Cir. 1985]).

In the case at hand, the real reason for the motion to set aside falls under the reason provided in K.S.A. 60-260(b)(1) of "mistake, inadvertence, surprise, or excusable neglect." The Kecks' original attorney did not raise an equal protection issue or a claim of negligence against SRS for allowing Tracy to run away and become pregnant while under SRS's care and custody. This falls squarely within the provisions of K.S.A. 60-260(b)(1). The Kecks' K.S.A. 60-260(b) motion was not filed until April 12, 1995, which is 23 months after the journal entry. Thus, the trial judge did not err in ruling that the motion was not filed within the 1-year time requirement of K.S.A. 60-260(b)(1).

The Kecks also assert that their motion to set aside should be considered timely filed because their time to file a K.S.A. 60-260(b)

motion started over in January 1995 when the court granted SRS the increase in monthly child support payments. The Kecks contend that each passing month created a new judgment, giving the initial amount of the judgment a prospective application from which relief could be granted when the interest of justice demanded it.

The Kecks did not assert this theory that their K.S.A. 60-260(b) motion should be decided based on the January 1995 order in their brief in support of their motion and at the hearing on the motion. The Kecks' attorney simply stated that he was relying on K.S.A. 260(b)(6), which he deemed the "catch-all [subsection], any other reason justifying relief from the operation of a judgment."

The right to an appeal is a statutory right, not a right vested in the United States or Kansas Constitutions. "An appellate court has jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner provided by the applicable statutes." *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, 541, 836 P.2d 1142 (1992) (citing *Little Balkans Foundation, Inc. v. Kansas Racing Comm'n*, 247 Kan. 180, 188, 795 P.2d 368 [1990]). Further, "[a]n appellate court has the duty of questioning jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed." *Resolution Trust Corp.*, 251 Kan. 539, Syl. ¶ 2. Consequently, this court, like the trial court, does not have jurisdiction to consider Issues 2 and 3 of the Kecks' appeal. Having so held, the Kecks' interesting and scholarly equal protection argument is moot.

The Kecks also argue that because the State has not been required to pay child care expenses for their grandchild, conceived and born while their daughter was under the alleged care of SRS, they should be relieved from the judgment for their daughter's support and expenses. They argue that the State's lack of care permitted their daughter to run away and become pregnant, and this factor balances the equities of concern for public expenditure and parents' responsibility for their own child. The Kecks maintain that if their grandchild had been placed in foster care, the agency would have paid more for child care than the $525 a month presently being taken from Mr. Keck's earnings.

While it is certainly honorable that the Kecks have assumed responsibility for their grandchild instead of burdening the State's resources, there is no statutory authority or case law which provides that caring for their grandchild without State reimbursement negates their obligation to reimburse the State for services expended on behalf of their own child. The Kecks have never applied for or requested State assistance in supporting their grandchild. This argument is both moot and without merit.

Affirmed.