COUNTY MATERIALS
CORPORATION,
Plaintiff,

v.

ALLAN BLOCK CORPORATION,
Defendant.

No. 05–C–675–S.

United States District Court,
W.D. Wisconsin.

June 29, 2006.

Gregory T. Everts, Quarles & Brady, Madison, WI, for Defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

On November 16, 2005 plaintiff County Materials Corporation commenced this declaratory judgment action against defendant Allan Block Corporation. Plaintiff sought a declaration that the covenant not to compete contained within its 1993 production agreement was unenforceable. On March 15, 2006 plaintiff filed a motion for summary judgment arguing that defendant's attempt to enforce the covenant not to compete violated "long standing public policy" which prohibits expansion of patent monopolies by contract. Accordingly, plaintiff argued the covenant not to compete was unreasonable and unenforceable.

On April 3, 2006 defendant filed a motion for summary judgment arguing the covenant not to compete was enforceable because: (1) it was for a proper purpose, (2) it was reasonable as between the parties; and (3) it was not injurious to the public. Additionally, on April 3, 2006 defendant filed a motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction arguing a ripe controversy did not exist because plaintiff failed to demonstrate that it possessed the ability to immediately produce its competing Victory Block when it filed its complaint.

On May 12, 2006 the Court denied defendant's motion to dismiss for lack of subject matter jurisdiction. However, on said date the Court granted defendant's motion for summary judgment finding the covenant not to compete contained within the 1993 production agreement (hereinafter the agreement) was valid and enforceable. Judgment was entered accordingly on May 15, 2006. The matter is presently before the Court on plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## MEMORANDUM

Plaintiff asserts the Court's May 12, 2006 Memorandum and Order and its corresponding May 15, 2006 Judgment were based upon a misapprehension of plaintiff's claim. Plaintiff asserts the Court should have decided whether the covenant not to compete contained within the agreement [1] was an unenforceable and illegal contract by applying the rule articulated by the

---

1. In its May 12, 2006 Memorandum and Order the Court determined that the agreement in part constituted a patent license. Neither party disputes this finding.

Seventh Circuit in its decision of *Scheiber v. Dolby Laboratories, Inc.,* 293 F.3d 1014 (7th Cir.2002) rather than applying the standards of patent misuse. Additionally, plaintiff asserts the Court committed a manifest error of law when it determined that Federal Circuit precedent controlled this diversity action. Plaintiff asserts the Court's rule of decision was not controlled by law of the Federal Circuit rather it was controlled by law of the Seventh Circuit specifically the rule expressed in its *Scheiber* decision. Accordingly, plaintiff requests the Court vacate its May 12, 2006 Memorandum and Order and its corresponding May 15, 2006 Judgment and enter an order granting summary judgment in its favor.

Defendant asserts the sole issue contained in the pleadings was plaintiff's claim that the covenant not to compete was unreasonable and unenforceable because it illegally enlarged defendant's patent monopoly based on established federal law. Defendant contends that the Court considered and applied the "very standard [plaintiff] claims it ignored." Accordingly, defendant argues the Court did not misapprehend plaintiff's claim or commit a manifest error of law. Additionally, defendant asserts plaintiff's entire motion is "simply an improper attempt to rehash" arguments it made in connection with its motion for summary judgment which is not permitted under Federal Rule of Civil Procedure 59(e). Accordingly, defendant argues plaintiff's motion to alter or amend the judgment should be denied.

### A. Standard of Review

As a preliminary matter, defendant argues plaintiff's motion to alter or amend the judgment is an improper use of Federal Rule of Civil Procedure 59(e). Defendant argues that vacating an entire judgment (which is the relief plaintiff seeks) does not serve the purpose underlying Rule 59(e) and it cites *Erickson Tool Co. v. Balas Collet Co.,* 277 F.Supp. 226, 234 (N.D.Ohio 1967) in support of its position. However, the Seventh Circuit has determined that any post-judgment substantive motion made within ten days of the judgment is deemed a Rule 59(e) motion. *Herzog Contracting Corp. v. McGowen Corp.,* 976 F.2d 1062, 1065 (7th Cir.1992)(*citing Lac du Flambeau Band v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992); *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986)). A timely motion to vacate the judgment is considered substantive in nature. *See Britton v. Swift Transp. Co., Inc.,* 127 F.3d 616, 618 (7th Cir.1997). Accordingly, because plaintiff's motion was filed within ten days of the Court's entry of judgment and because it is substantive in nature the Court considers it to be a Rule 59(e) motion.

Motions to alter or amend a judgment must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)(*citing Keene Corp. v. Int'l. Fid. Ins. Co.,* 561 F.Supp. 656 (N.D.Ill.1982), *aff'd,* 736 F.2d 388 (7th Cir.1984)). Additionally, a Rule 59(e) motion performs a valuable function where a court: (1) patently misunderstood a party, or (2) made a decision outside the adversarial issues presented; or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (citation omitted).

However, motions brought under Rule 59(e) cannot be used to raise arguments which could (and should) have been made before the judgment issued. *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995) (citation omitted). Additionally, such motions cannot be used as a vehicle to either: (1) argue the case under a new legal theory,

*FDIC,* at 1268 (citations omitted), or (2) relitigate old matters. *Diebitz v. Arreola,* 834 F.Supp. 298, 302 (E.D.Wis.1993) (citations omitted).

### B. Misapprehension of plaintiff's claim as one based on patent misuse and manifest error of law

Plaintiff asserts the Court misapprehended its claim because it never alleged that the covenant not to compete contained within the agreement was unenforceable on the basis of patent misuse. Rather, plaintiff asserts the issue it plead and argued was "whether [defendant] could enlarge the scope of [its] patent through the use of a non-compete that extended to non-infringing products," which focuses on the legitimate scope of defendant's patent monopoly. Additionally, it argues the Court made a manifest error of law by concluding that Federal Circuit precedent controlled the issue. Plaintiff argues this decision was error because the Court's rule of decision was not controlled by law of the Federal Circuit rather it was controlled by the rule articulated by the Seventh Circuit in its *Scheiber* decision.

Defendant asserts the Court's legal conclusions in this action are "entirely consistent with what [plaintiff] refers to as 'the controlling Seventh Circuit decision of [*Scheiber*]'" and with precedent of the Supreme Court. Additionally, defendant asserts the sole issue contained in the pleadings was plaintiff's claim that the covenant not to compete was unreasonable and unenforceable because it illegally enlarged defendant's patent monopoly based on established federal law. Accordingly, defendant argues the Court did not commit a manifest error of law or misapprehend plaintiff's claim because the Court considered and applied the "very standard [plaintiff] claims it ignored." The Court finds plaintiff failed to meet its burden of establishing that the Court either misapprehended its claim or committed a mani-

fest error of law. Accordingly, its motion to alter or amend the judgment is denied.

■ First, the Court did not misapprehend plaintiff's claim. In its motion for summary judgment plaintiff argued the covenant not to compete contained within the agreement "illegally extend[ed] [defendant's] patent monopoly by using its leverage in a patented product to forbid actual competition." Additionally, plaintiff argued that "[t]he proper standard for assessing the legality of a patent license is the legitimate scope of the monopoly." While plaintiff did not use the precise term "patent misuse" in its summary judgment arguments said arguments by definition embodied the doctrine of patent misuse because patent misuse occurs when a patent owner attaches a condition to its license that impermissibly enlarges and broadens the scope of its patent monopoly. *See Ethyl Gasoline Corp. v. United States,* 309 U.S. 436, 456, 60 S.Ct. 618, 625, 84 L.Ed. 852 (1940); *Windsurfing Int'l, Inc. v. AMF, Inc.,* 782 F.2d 995, 1001 (Fed.Cir. 1986) (citations omitted), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986).

The Court exhaustively analyzed whether defendant engaged in patent misuse when it included the covenant not to compete in the agreement because plaintiff alleged the covenant not to compete (which was a condition attached to a patent license) impermissibly broadened the legitimate scope of defendant's patent monopoly. The Court partook in such an analysis because if plaintiff's allegation had proved correct defendant clearly would have engaged in patent misuse and the covenant not to compete would have been unreasonable and unenforceable. Accordingly, the Court did not misapprehend plaintiff's claim rather it analyzed the very issue plaintiff argued and pled which was wheth-

er the covenant not to compete enlarged defendant's patent monopoly.

■ Additionally, plaintiff argues the Court committed a manifest error of law by concluding that Federal Circuit precedent controlled its decision. It argues the Court's rule of decision was controlled by the rule articulated by the Seventh Circuit in its *Scheiber* decision because the action did not arise under patent law rather it was based on diversity. The Court acknowledges that a suit to enforce a patent licensing agreement does not arise under federal patent law. *Scheiber*, at 1016 (*citing Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1575 (Fed.Cir. 1997)). However, said premise simply stands for the proposition that federal jurisdiction in such cases must be based on diversity jurisdiction. It does not stand for the proposition that Federal Circuit law will be rendered completely irrelevant to such actions. Additionally, the Court determined that Federal Circuit precedent only controlled its patent misuse analysis. Once the Court concluded that patent misuse did not occur it conducted a choice of law analysis and determined Minnesota law governed the ultimate issue in the action which was the validity of the covenant not to compete. Accordingly, the rule articulated by the Seventh Circuit in its *Scheiber* decision did not control the Court's rule of decision because the ultimate issue was governed by Minnesota substantive law.

Additionally, the facts underlying the decision in *Scheiber* were not analogous to the facts of this action. In *Scheiber*, plaintiff held U.S. and Canadian patents on the audio system known as "surround sound." *Id.* Plaintiff sued defendant for infringement of his patents. *Id.* The parties settled the suit by agreeing that plaintiff would license his patents to defendant in exchange for royalties. *Id.* The last U.S. patent covered by the agreement was scheduled to expire in May 1993, while the last Canadian patent was not scheduled to expire until September 1995. *Id.* Defendant suggested to plaintiff that in exchange for a lower royalty rate the license agreement provide that royalties on all patents would continue until the Canadian patent expired. *Id.* However, defendant later refused to pay royalties on any patent after it expired. *Id.*

Defendant's principal argument in *Scheiber* was that the Supreme Court held in *Brulotte v. Thys Co.*, 379 U.S. 29, 85 S.Ct. 176, 13 L.Ed.2d 99 (1964) that a patent owner could not enforce a contract for the payment of patent royalties beyond the expiration of the patent. Id. at 1017. The Seventh Circuit determined that although the *Brulotte* rule was heavily criticized it controlled its *Scheiber* decision because the two cases were factually indistinguishable. *Id.*, at 1017–1019. However, this action was factually distinguishable from both *Brulotte* and *Scheiber* because plaintiff never argued that defendant was trying to enforce the covenant not to compete after the expiration of its patents. Had such a situation been presented the Court would have been obligated to invalidate the covenant not to compete contained within the agreement just as the Seventh Circuit was obligated to invalidate the license agreement in its *Scheiber* decision. However, this was not the situation presented to the Court as there was no dispute that defendant's patents were valid. Accordingly, because the cases were factually distinguishable the rule articulated by the Seventh Circuit in its *Scheiber* decision did not control the Court's rule of decision in this action.

The balance of plaintiff's arguments were presented to the Court in memorandums filed in support of its motion for summary judgment. Accordingly, because Rule 59 motions cannot be used as a vehi-

cle to relitigate old matters, *Diebitz v. Arreola,* 834 F.Supp. 298, 302 (E.D.Wis. 1993) (citations omitted), the Court finds plaintiff failed to meet its burden of establishing that the Court either misapprehended its claim or committed a manifest error of law and its motion to alter or amend the judgment is denied.

## ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is DENIED.