NOT DESIGNATED FOR PUBLICATION

No. 126,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDDIE GORDON SR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT A. WATSON, judge. Submitted without oral argument. Opinion filed October 4, 2024. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant, and *Eddie Gordon Sr.*, appellant pro se.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., WARNER and COBLE, JJ.

PER CURIAM: Eleven years after pleading guilty to intentional second-degree murder, Eddie Gordon Sr. filed his second motion to correct an illegal sentence claiming his trial counsel was ineffective and the district court improperly calculated his criminal history score. The district court summarily denied Gordon's motion and he moved for reconsideration, which the court also denied. Gordon now appeals from the denial of his motion to correct an illegal sentence, although not specifically from the district court's rejection of reconsideration. On our comprehensive review of the record, we find various

1

procedural and jurisdictional concerns prevent review of the merits of his claims, so we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Following a shooting in November 2010, Gordon entered into a plea agreement with the State and pleaded guilty to intentional second-degree murder in October 2011. The district court found Gordon's criminal history score was C, based on one prior juvenile person felony, battery against a juvenile detention officer (case No. 2003-JV-1019), and one prior juvenile nonperson felony, attempted felony theft (case No. 2003-JV-884). Gordon did not object to his criminal history finding, and the district court sentenced him to 285 months' imprisonment. Although he filed no direct appeal of his conviction or sentence, Gordon moved to withdraw his plea about eight months later. The district court denied Gordon's motion after an evidentiary hearing, and he appealed. This court affirmed the district court's decision. *State v. Gordon*, No. 113,513, 2016 WL 2609625, at *3-4 (Kan. App. 2016) (unpublished opinion). The Kansas Supreme Court denied his petition for review, and the mandate was issued on May 11, 2017.

On December 21, 2020, Gordon filed his first pro se motion to correct an illegal sentence, arguing the district court improperly calculated his criminal history score for two reasons. First, he claimed his juvenile adjudications from his 2003 juvenile cases were unconstitutional because the judge violated K.S.A. 38-1633 (Furse 2000), which required a court to inform a juvenile of certain rights at a plea hearing. In support of the motion, he included a transcript of his juvenile plea hearing. Gordon also argued his juvenile adjudications should not have been calculated in his criminal history score, and he made ineffectiveness claims against his trial counsel in this criminal case. In response, and among other arguments—including that Gordon's attack on his 2004 juvenile adjudications was untimely—the State argued Gordon could not present his claims in a motion to correct an illegal sentence.

2

The district court summarily denied Gordon's motion without a hearing on May 26, 2021, agreeing with the State's response and addressing the merits of Gordon's argument to find he was not serving an illegal sentence. The district court determined Gordon's sentence conformed to applicable statutory provisions and was neither vague nor ambiguous, and the record conclusively showed he was not entitled to relief. Although Gordon filed a notice of appeal from that decision, it appears the appeal was not docketed. He filed another notice of appeal a year later, the resolution of which is unclear from the record.

Then, on November 23, 2022, Gordon filed his second pro se motion to correct an illegal sentence, asking the district court to construe the motion under both K.S.A. 22-3504 and as a motion for habeas relief under K.S.A. 60-1507. In this motion, Gordon argued a change in the law rendered his sentence illegal. That is, he reasoned that at the time of his 2010 crime, K.S.A. 21-4710(d)(11) (now K.S.A. 21-6810[d][10]) controlled his sentence but no appellate caselaw discussed the removal of the "applicable penalties" language from the statute on how to score a defendant's criminal history, or his history should have been scored under K.S.A. 21-6810(d)(5). He maintained his criminal history score was incorrect and failed to conform to the Kansas Sentencing Guidelines, and his score should have been I or H if calculated correctly. He renewed both his argument that his trial counsel was ineffective for failing to object to his criminal history and his constitutional argument that he was not provided the required reading of his rights at his juvenile plea hearing. In response, the State argued Gordon's motion was untimely, successive, and barred by the doctrine of res judicata.

The district court summarily denied this motion without a hearing on February 9, 2023. In its order, the court analyzed Gordon's arguments related to K.S.A. 21-6810(d)(5) and K.S.A. 21-4710(d)(11), as well as multiple other statutes in effect at the time of Gordon's sentencing to find his criminal history score was appropriately calculated.

Gordon then moved for reconsideration on February 22, 2023, restating his constitutional and statutory arguments regarding his criminal history score. He filed a notice of appeal from the court's February 9 decision on March 6, 2023. In the district court's later ruling on his reconsideration motion, filed March 8, 2023, the district court addressed Gordon's constitutional argument in more detail. The district court found Gordon was using a collateral challenge to the sentence in this case to mount a collateral challenge to the adjudication in his 2003 juvenile case, which was procedurally improper. Additionally, the court found that his claim failed on its merits and denied Gordon's request for reconsideration.

THE DISTRICT COURT DID NOT ERR IN DENYING GORDON'S
MOTION TO CORRECT ILLEGAL SENTENCE

Gordon filed his appeal after the district court's initial decision but before the court denied his reconsideration motion. Given the timing of his appeal and his prior attacks on his sentence, we must consider various procedural and jurisdictional concerns.

*Arguments by the parties and waiver of habeas claims*

On appeal, Gordon argues the district court erred in denying his motion to correct an illegal sentence because the sentencing court calculated his criminal history score using "at least one invalid juvenile felony adjudication." Gordon contends he is not challenging his juvenile adjudications directly, but instead he challenges the validity of including them in his criminal history score. But in his supplemental pro se brief, for the first time, Gordon argues his juvenile theft adjudication was improperly classified as a felony, rather than a misdemeanor, which also rendered his sentence illegal. Notably, Gordon makes no argument challenging the district court's decision to deny his request for habeas relief under K.S.A. 60-1507, and as a result, Gordon has waived review of his habeas claim—which largely consists of his ineffectiveness claims against his counsel for

4

failing to object to his criminal history score. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (finding "[i]ssues not briefed are deemed waived or abandoned").

In response, the State raises multiple arguments contending we cannot consider Gordon's appeal. First, the State argues we lack jurisdiction to consider his appeal because the issues now raised were only raised in his motion to reconsider, after which no notice of appeal was filed. Second, the State argues Gordon's motion under K.S.A. 60-1507 was untimely and successive—an argument we need not address given the waiver of his habeas claims. And third, the State alternatively reaches the merits to argue the district court did not err in summarily denying Gordon's motion to correct his sentence because his claims were conclusory and failed to show he was entitled to relief.

*But first, jurisdiction*

The State argues we lack jurisdiction to consider Gordon's appeal because the only claim he now raises—the constitutionality of his juvenile adjudication and its subsequent effect on his criminal history—was not considered in the final judgment from which Gordon now appeals. According to the State, this issue was only raised in his motion for reconsideration at the district court, and Gordon filed no appeal from the district court's order denying his motion.

Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

The right to appeal is entirely statutory. *State v. Thurber*, 313 Kan. 1002, 1007, 492 P.3d 1185 (2021). And an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal. That said, the rules of appellate procedure do not require a party to specify the errors complained of, but rather to designate the judgment or part thereof appealed from. *Mundy v. State*, 307 Kan. 280, 291, 408 P.3d 965 (2018).

5

Under K.S.A. 2023 Supp. 60-2103(b), a notice of appeal "shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from, and shall name the appellate court to which the appeal is taken."

The State argues Gordon's notice of appeal, filed on March 6, 2023, "specifically identifies the district court's memorandum decision and order 'denying motion to correct sentence filed February 9, 2023.'" The State's argument ignores the remainder of the notice, though, which also appealed from "any other adverse rulings . . . ." Even so, Gordon's notice of appeal was filed two days before the district court issued its decision denying his motion for reconsideration on March 8, 2023. He did not file a subsequent notice of appeal after the district court issued its denial on his motion for reconsideration and does not address this issue in his appellate briefing.

The State argues that we lack jurisdiction to review the sole issue Gordon's counsel raises on appeal—the constitutional infirmity of his juvenile adjudications—because he raised it only in his motion to reconsider, after which no notice of appeal was filed. Were we to accept the State's argument on its face, we would find a lack of jurisdiction—at least over that claim—on that basis. See *Ponds v. State*, 56 Kan. App. 2d 743,747-54, 437 P.3d 85 (2019) (where our court refused to review a motion for reconsideration under the same procedural posture).

But on our careful review of the record, we discover the State reads Gordon's second pro se motion to correct an illegal sentence much too narrowly. As recited above, his motion specifically addressed the constitutionality of his juvenile adjudications and his resulting criminal history score, even if the district court's initial decision on the motion did not. Gordon's motion for reconsideration then simply restated his constitutional claim in more detail, and the district court's ruling on the reconsideration motion did too, as a result. But there is no doubt his initial motion contained the argument he continues to raise.

6

Premature notices of appeal, such as this one filed after a decision yet before a ruling on a motion to amend or reconsider a judgment—have been found valid in our appellate courts. See Supreme Court Rule 2.03 (2024 Kan. S. Ct. R. at 14) (addressing premature notices of appeal); *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, Syl. ¶ 3, 836 P.2d 1142 (1992) (finding valid premature notice of appeal); *Cornett v. Roth*, 233 Kan. 936, 939-40, 666 P.2d 182 (1983) (same); *Hundley v. Pfuetze,* 18 Kan. App. 2d 755, 756-57, 858 P.2d 1244 (1993) (same). These rulings largely examine whether the earlier order appealed from disposed of all claims of the parties and properly identified the part of the judgment from which the appeal is taken with enough certainty that all parties know which rulings are to be reviewed. See *Resolution Trust Corp*, 251 Kan. at 543; Supreme Court Rule 2.03.

Here, because Gordon's initial pro se motion contained the argument he now raises, even if was not addressed by the district court until its order on the motion for reconsideration, we find his premature notice of appeal ripened into a valid notice when the district court issued its second ruling. This is because the district court's first order did not dispose of his constitutional claim; instead, it left the issue outstanding. Plus, given the content of his motion to correct his sentence, his notice of appeal would have apprised the parties as to the issues on which he sought review. For these reasons, we find we do have jurisdiction over his claim that his prior juvenile adjudications were constitutionally invalid.

Because this is the only jurisdictional issue raised, we continue to examine Gordon's appeal.

*Gordon's constitutionality claim is barred by another legal doctrine:  res judicata.*

Finding we have jurisdiction over the constitutionality issue presented by Gordon's appellate counsel, we proceed to address how the constitutionality claim is precluded by

another legal doctrine. The doctrine of res judicata generally prevents a person from raising a particular claim after a court has ruled on it. *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023). "The doctrine generally bars a claim when the same parties are involved, the same claim was previously raised, and there has been a final judgment on the merits." 317 Kan. at 415. Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise unlimited review. 317 Kan. at 415.

As the State points out, Gordon raised this precise issue in his first motion to correct illegal sentence, filed in December 2020. In his first motion, Gordon specifically claimed his constitutional rights were violated when the district court accepted his guilty plea on his juvenile charges without first providing the proper advisements under K.S.A. 38-1633. And as such, Gordon argued the sentencing court improperly calculated his criminal history score based on these juvenile adjudications. He now presents an identical claim in this appeal.

The district court denied Gordon's first motion to correct sentence in May 2021 by finding his sentence was not illegal. It specifically addressed, and summarily denied, his current argument on appeal:

> "The Defendant argues that his criminal history in 10-CR-2185 was incorrect because it was based on his adjudication in 2003-JV-1019. He alleges that his plea in 2003-JV-1019 was unconstitutional because [the sentencing judge] did not follow the statutory requirements for a plea pursuant to K.S.A. 22-3210 and K.S.A. 38-1633."

In *Moncla*, the Kansas Supreme Court found the summary denial of an illegal sentence motion is a ruling on the motion's merits. 317 Kan. at 415. And as such, Gordon's claim meets the elements of res judicata because (1) his claim involves the same parties, the State and himself; (2) he raised the same claim in his first motion to

correct an illegal sentence; and (3) the district court made a final judgment on the merits of Gordon's claim when it summarily denied it. See 317 Kan. at 415.

Gordon makes no attempt to argue the doctrine of res judicata does not bar consideration of his claim on appeal. Kansas courts have found some exceptions apply to the ordinary res judicata principles, but Gordon does not contend any exception applies. See *State v. Murdock*, 309 Kan. 585, 592, 439 P.3d 307 (2019) (finding res judicata not applicable when a development in the law shows that a previous illegal sentence motion was improperly denied).

As a result, res judicata bars consideration of this previously presented constitutional claim. See *State v. Kelly*, 291 Kan. 868, 875, 248 P.3d 1282 (2011) (finding res judicata barred consideration of claim that a defendant previously raised, the district court ruled on, and the defendant did not appeal). Finding we cannot address the claim, we continue to address Gordon's other arguments.

*Our prudential decision not to consider Gordon's claim the sentencing court miscalculated his juvenile theft adjudication*

In Gordon's pro se supplemental appellate brief, he argues for the first time that his juvenile adjudication for nonperson attempted felony theft under K.S.A. 21-3701(b) was miscalculated. He reasons the attempted theft should have been scored as a class A misdemeanor, not a felony, because the value of the stolen property was less than $1,000. But in our thorough reading of Gordon's second motion to correct illegal sentence, we find no such argument. He presents this claim for the first time on appeal.

Generally, we do not address issues on appeal that a party did not raise before the district court. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Although there are some exceptions to this rule, and usually a challenge to an illegal sentence can be raised

9

at any time, Gordon presents no argument as to why we should hear his claim. See *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) ("[C]ertain issues, such as subject matter jurisdiction or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court.").

Gordon did not object to the calculation of his criminal history based upon his theft adjudication at the time of his sentencing in this 2010 case. In our review of the record, we can locate no time where he provided the district court with the opportunity to analyze this issue. We cannot now perform the necessary fact-finding to examine his claim, particularly as to the value of the stolen property at the time of the crime in 2003. The record before us shows only that his prior adjudication under K.S.A. 2003 Supp. 21-3701(b)(2) was an attempted theft; value of at least $500 but less than $25,000, a nonperson felony.

Supreme Court Rule 6.02(a)(5) (2024 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. See *Johnson*, 309 Kan. at 995. In *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), and *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014), the Kansas Supreme Court warned that Supreme Court Rule 6.02(a)(5) would be strictly enforced, litigants who failed to comply with this rule risked a ruling that the issue is improperly briefed, and the issue would be deemed waived or abandoned. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

Gordon raises his claim regarding the classification of his juvenile theft adjudication for the first time on appeal, provides no citation showing where he raised this argument below, and provides no argument as to why we should now reach the issue. Nor does he argue any exception to the rule against raising new claims for the first time on appeal. As a result, we do not consider Gordon's supplemental issue. See *Shelton-Jenkins v. State*, 317 Kan. 141, 144, 526 P.3d 1056 (2023). To the extent Gordon wishes

to address the proper classification of his juvenile theft offense, he must raise that claim in an appropriate motion to the district court and provide evidence supporting his assertion for the district court to consider.

*Gordon's statutory challenge to his sentence is waived.*

As we pored over this record, we found that Gordon presented another claim in his second motion that he did not raise in his first motion to correct an illegal sentence—that is, he argued a change in the law rendered his sentence illegal. He maintained that at the time of his crime in this case, K.S.A. 21-4710(d)(11) controlled the scoring of his criminal history but no appellate caselaw discussed the later removal of the "applicable penalties" language from that statute. In the alternative, he suggested his criminal history should have been scored under K.S.A. 21-6810(d)(5). Because of these two statutory issues, Gordon argued his criminal history score was incorrect and failed to conform to the Kansas Sentencing Guidelines, and his score should have been I or H if calculated correctly.

The State thoroughly responded to this claim in its response to Gordon's second motion, and the district court systematically discussed these arguments in its decision. In fact, the district court not only examined K.S.A. 21-4710(d)(11) and K.S.A. 21-6810(d)(5) in its decision, but it went on to discuss other relevant statutes in effect at the time Gordon's 2010 crime was committed. Concluding its analysis, the district court found Gordon's claims lacked merit.

But Gordon failed to present an argument on these statutory issues in his appeal. As a result, he has waived or abandoned review of these statutory claims. See *Davis*, 313 Kan. at 248.

11

*Conclusion*

It is true that a motion to correct an illegal sentence under K.S.A. 22-3504 may be raised at any time, and the scoring of a person's criminal history falls well within the gambit of such a motion. But the above jurisdictional and procedural doctrines prevent us from reaching the legality of Gordon's sentence on the bases on which he challenges it. Although we have jurisdiction over his appeal of the constitutionality of his juvenile adjudications, res judicata bars our review of that previously addressed challenge. His argument on the classification of his juvenile theft adjudication is raised for the first time on appeal. Finally, Gordon waived his claims under K.S.A. 60-1507 and his specific statutory challenges to his sentence by failing to argue them on appeal. For these reasons, we affirm the district court's denial of his second motion to correct an illegal sentence.

Affirmed.